UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
PATRICIA SCOTT FLEMING,
as Administratrix of the Estate of Patrick Fleming
and individually,

                                Plaintiff,

-against-

CITY OF NEW YORK et al.,

                              Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 4866 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Patricia Scott Fleming brought this action alleging that her son, Patrick Fleming, was assaulted and subject to medical malpractice during his pretrial detention at Rikers Island Correctional Center. (First Am. Compl. ("FAC"), ECF No. 6.) Specifically, Plaintiff brought claims under the Constitution, enforceable under 42 U.S.C. § 1983; the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131–12165; and the Rehabilitation Act (the "RA"), 29 U.S.C. § 794a. Defendants moved to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot. ("Med. Defs.' Mot."), ECF No. 72; Notice of Mot. ("City Defs.' Mot."), ECF No. 85.) On August 27, 2019, this Court dismissed all but four of Plaintiff's claims. (*See* Mem. Decision and Order, ECF No. 127.)[1] The relevant factual and procedural background is set forth in greater detail in this Court's August 27, 2019 Memorandum Decision and Order, which is incorporated by reference herein.

---

[1] The Medical Defendants' motion to dismiss Plaintiff's § 1983 claims for deliberate indifference to medical needs was denied as to Drs. Maung Maungoo, Myat Win, and Antonio Martinez. (*See id.*) The City Defendants' motion to dismiss Plaintiff's § 1983 claims for deliberate indifference to medical needs, ADA claim, RA claim, and negligence claim was denied. (*See id.*)

Plaintiff now moves this Court to reconsider its August 27, 2019 decision pursuant to Federal Rule of Civil Procedure 54(b) and Rule 6.3 of the Local Civil Rules. (*See* Notice of Mot., ECF No. 129.) Plaintiff principally argues that reconsideration is warranted because this Court improperly applied (1) a summary judgment standard in dismissing the First Amendment retaliation claim, and (2) *Heck v. Humphrey*, 512 U.S. 477 (1994) in dismissing the prosecution-related *Brady* claims. (*See* Mem. of Law in Supp. of Mot. for Reconsideration ("Pl.'s Mem."), ECF No. 129-1.) Plaintiff's motion for reconsideration is DENIED.

## I.  LEGAL STANDARD

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted); *see also* Local Civ. R. 6.3 (providing that movant must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is, however, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d

356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## II. RECONSIDERATION IS NOT WARRANTED

Plaintiff has not asserted that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a "clear error" or prevent "manifest injustice." Instead, Plaintiff attempts to take a second bite at the apple by regurgitating the arguments she previously made in her opposition brief.

### A. This Court Did Not Err in Dismissing Plaintiff's First Amendment Retaliation Claim.

Plaintiff contends that this Court incorrectly applied a summary judgment standard in dismissing the First Amendment retaliation claim. Specifically, she argues that the two Second Circuit decisions upon which this Court relied—namely, *Bennett v. Goord*, 343 F.3d 133 (2d Cir. 2003) and *Washington v. Afify*, 681 F. App'x 43 (2d Cir. 2017)—"are both summary judgment, not motion to dismiss cases, apply[ing] a stricter standard than the one applicable to motions to dismiss." (Pl.'s Mem. at 1–4.) In support of this assertion, Plaintiff reargues issues already resolved by this Court.[2] As this Court explained in its August 27, 2019 decision, in the absence of any supporting factual allegations suggesting evidence of retaliatory animus on the part of the C.O. Defendants, Plaintiff cannot successfully plead a First Amendment retaliation claim. (Mem. Decision and Order at 29.) Indeed, it is well established that courts in this Circuit are to approach retaliation claims in the context of prison "with skepticism and particular care," considering that

---

[2] For instance, Plaintiff again argues that there is temporal proximity between the filing of a grievance and letters of complaint and the alleged assault, and that this is sufficient to establish a retaliation claim. (*Compare* Mem. of Law in Opp'n to Mots. to Dismiss of City of N.Y. and Affiliates ("Pl.'s MTD Opp'n") at 15–17 (claiming that "[t]emporal proximity between the protected activity and the retaliatory conduct is generally sufficient to raise an inference of causal connection"), *with* Pl.'s Mem. at 1–4 (contending that "at the motion to dismiss stage . . . the temporal proximity between [Fleming]'s First Amendment activities and the correctional officers' alleged retaliatory conduct is sufficient to establish a *prima facie* case of retaliation.").)

3

"virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *See Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Thus, to survive a motion to dismiss, such claims must be supported by sufficiently detailed factual allegations and not stated in conclusory terms. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85–6 (2d Cir. 2000) (citation omitted).

Furthermore, in arguing that this Court improperly relied on *Bennett* and *Afify*, Plaintiff cites a list of retaliation cases decided at the motion to dismiss stage. (*See* Pl.'s Mem. at 1–4.) None of those cases, however, persuade this Court to revisit its determination that Plaintiff failed to plausibly plead a § 1983 claim for retaliation under the First Amendment. If anything, those cases appear to rest on far more suggestive factual allegations sufficient to draw reasonable inferences that the plaintiff's exercise of constitutionally protected conduct was a substantial or motivating factor for the adverse actions taken by the defendants. In *Bennet* and *Affify*, the plaintiffs' retaliation claims survived an earlier motion to dismiss because both plaintiffs alleged sufficient facts from which retaliation could have been plausibly inferred. *See Bennett v. Tucker*, No. 95 Civ. 8029 (SAS), 1996 WL 288202 (S.D.N.Y. May 30, 1996) (finding that the plaintiff presented specific facts demonstrating his retaliation claim, if proved, would entitle him to relief); *see also Washington v. Afify*, 968 F. Supp. 2d 532, 543–45 (W.D.N.Y. 2013) (finding that the plaintiff stated a valid claim of retaliation where "[the] defendants took specific, concrete actions against plaintiff in retaliation for his exercise of his First Amendment rights."). This Court found that the FAC here lacks sufficient factual allegations to meet the standard for retaliation. Indeed, Plaintiff has not pointed to any controlling precedent or factual matters that this Court overlooked that warrants reconsideration of its August 27, 2019 decision. *See Shrader*, 70 F.3d at 257.

4

## B. This Court Did Not Incorrectly Apply Controlling Law in Dismissing Plaintiff's Prosecution-Related *Brady* Claims.

Plaintiff argues, on two separate grounds, that this Court improperly applied *Heck* in dismissing the prosecution-related *Brady* claims. (Pl.'s Mem. at 4–5.) First, in arguing for reconsideration by this Court, Plaintiff asserts that "because [Fleming]'s video and line-up claims do not necessarily affect the validity of his plea, he should be able to pursue damages relating to the prosecution's failure to offer the five-year plea at an earlier time." (*Id.* at 5.) Plaintiff's argument is without merit. In *Heck*, the Supreme Court found that in order to recover damages for unconstitutional conviction or imprisonment pursuant to § 1983, the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. This Court previously found that Fleming pleaded guilty to the armed robbery for which he was prosecuted, that the conviction was never invalidated, and that any potential claim is thus foreclosed.[3] (Mem. Decision and Order at 34–35.)

Plaintiff attempts to relitigate this issue by arguing for the first time that "Plaintiff's exculpatory video and suggestive line-up claims do *not* necessarily call into question [Fleming]'s guilty plea" but that "Fleming's guilty plea was invalid because he was under duress at the time due to his illness." (Pl's Mem. at 4–5 (emphasis in original).) Plaintiff is not permitted to "advance new facts, issues, or arguments not previously presented to [this Court]" in her motion for reconsideration. *Nicaj v. City of N.Y.*, 282 F. Supp. 3d 708, 712 (S.D.N.Y. 2017) (quoting *Estate*

---

[3] This conclusion was based on Plaintiff's allegation that unidentified police officers had violated Fleming's constitutional rights pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) by "deliberately suppress[ing] . . . an exculpatory video that would have established [Fleming's] innocence" as well as "a grossly suggestive line-up." (FAC ¶¶ 265, 267.) Plaintiff argued that "[a]s a result of the suppression of [this] exculpatory evidence [Fleming's] detention was unreasonably prolonged." (*Id.* ¶ 266.)

5

*of Gottdiener v. Sater*, 35 F. Supp. 3d 402, 403–04 (S.D.N.Y. 2014)); *see also Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue."). Plaintiff provides no justification for any failure to raise these issues previously.

Additionally, Plaintiff contends that this Court failed to apply an exception to *Heck*, which courts apply in circumstances where a plaintiff cannot effectively challenge the validity of his conviction or plea because habeas was reasonably unavailable, and the unavailability is due to no lack of diligence on his part. (Pl.'s Mem. at 6.) Plaintiff's alternative argument fares no better, as she principally repeats the argument that this Court previously considered and rejected. (*Compare* Pl.'s MTD Opp'n at 28 (contending that "[a]s a pretrial detainee, [Fleming] had no realistic path to habeas relief . . . and [w]hen he finally pled guilty, under duress because of his urgent need for competent medical care, he was fighting for his life and [was] in no position to challenge that plea."), *with* Pl.'s Mem. at 6 (arguing that "habeas was never available to [Fleming] before his guilty plea and it was impossible for him to bring a habeas or any other challenge after his sentencing" due to his illness).) Therefore, Plaintiff's alternative argument fails to provide a basis to reconsider the August 27, 2019 decision. Accordingly, without overlooked controlling decisions or data, this Court need not reconsider its August 27, 2019 decision.

## III. CONCLUSION

Plaintiff's motion for reconsideration, (ECF No. 129), is DENIED. The Clerk of Court is instructed to close the motion accordingly.

Dated: May 5, 2020
      New York, New York

                                          SO ORDERED.

                                          *George B. Daniels*
                                          GEORGE B. DANIELS
                                          United States District Judge