UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

PATRICIA SCOTT FLEMING, as Administratrix of the
Estate of Patrick Fleming,

**CONFIDENTIALITY
STIPULATION AND**

Plaintiff,

**PROPOSED
PROTECTIVE ORDER**

-against-

18 CV 4866 (GBD)

THE CITY OF NEW YORK, et al.,

Defendants.

--------------------------------------------------------------------- x

WHEREAS, the parties anticipate that they may produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

WHEREAS, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

WHEREAS, good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for plaintiff and defendants, as follows:

1.      "Confidential Materials" shall mean (a) the disciplinary-related records of any defendant, (b) the records of internal investigations conducted by the New York City Department of Correction or other City agencies, and (c) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

2.      The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to the other parties.  The parties shall have 45 days or such other time period as may be agreed from receipt of documents from non-parties in which to inspect and designate such documents as "Confidential Materials."  The parties reserve the right to designate any document as "Confidential Materials" pursuant to this Stipulation and Protective Order, if necessary, after production of such documents to the other parties to this litigation.

3.      Any documents that are produced by a non-party pursuant to subpoena and that are designated as "Confidential Materials" by a party shall be governed by the terms of this Stipulation and Protective Order.

4.      Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or other basis for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of any party's right to object to the use of any document or information contained therein during any proceeding in this litigation or otherwise.

5.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed Confidential Materials, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

6.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in this action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this action unless the Producing Party or his or her attorney consents in writing.

2

7.     Attorneys for a Receiving Party shall not disclose the Confidential

Materials to any person other than a party, an attorney of record for that party, or any member of

the staff of that attorney's office, except under the following conditions:

     a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in this action.

     b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of this action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

     c. Attorneys at the Office of the Corporation Counsel for the City of New York may also disclose the Confidential Materials to the New York City Department of Correction, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this action. Attorneys for the New York City Health & Hospitals Corporation, Corizon Health, Inc., Physician Affiliate Group of New York, Maung Maungoo, M.D., Myat Win, M.D., Antonio Martinez, M.D., Nicole Lanatra, M.D., Mary Lynn Nierodzik, M.D., Roopalekha Shenoy, M.D., Aaron Stern, M.D. and Jennifer Wu, M.D. may also disclose the Confidential Materials to the New York City Comptroller's Office solely in connection with the defense or settlement of this action.

     d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this action and not to make further disclosure of the Confidential Materials, except in testimony taken in this action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

     e. Disclosure may be made with the written consent of the Producing Party or his or her attorney.

3

8.      Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9.      The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Materials either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential Materials," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel. In order to effectuate the purpose of subsection (b), all parties are to hold the transcript as confidential until the Producing Party has had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

10.      If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party and all other counsel, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential Materials until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

11.     Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

12.     Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner.

13.     This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed Confidential Materials pursuant to this order, including all copies and non-conforming copies, notes, and other materials containing or referring to information derived therefrom, shall remain confidential for all time. Once this action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by a Receiving Party for any purpose.

14.     The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15.     The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation or thereafter.

16.     This Stipulation and Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Stipulation and Protective Order.


Dated:          July 9, 2021
                New York, New York


DUNNINGTON  BARTHOLOW  &
    MILLER LLP
230 Park Avenue, 21st Floor
New York, New York 10169
(212) 682-8811

By:     /s/Eden P. Quainton
        Eden P. Quainton
        Samuel Blaustein
        *Attorneys for Plaintiff Patricia Scott*
        *Fleming, as Administratrix of the estate*
        *of Patrick Fleming*

HEIDELL,  PITTONI,  MURPHY  &
    BACH, LLP
99 Park Avenue
New York, New York 10016
(212) 286-8585

By:     
        Doreen Dufficy
        *Attorneys for Defendants New York*
        *City Health & Hospitals Corporation,*
        *Corizon  Health,  Inc.,  Physician*
        *Affiliate Group of New York, Maung*
        *Maungoo, M.D., Myat Win, M.D.,*
        *Antonio  Martinez,  M.D.,  Nicole*
        *Lanatra, M.D., Mary Lynn Nierodzik,*
        *M.D., Roopalekha Shenoy, M.D., Aaron*
        *Stern, M.D. and Jennifer Wu, M.D.*


GEORGIA M. PESTANA
Acting Corporation Counsel of the City
    of New York
100 Church Street
New York, NY 10007
(212) 356-2355

By:     /s/Susan P. Scharfstein
        Susan P. Scharfstein
        *Attorney for Defendants City of New*
        *York, Joseph Ponte, Desmond Blake,*
        *Fred  Rolle,  Jorel  Ward,  Curlee*
        *Williams, and John Wisti*

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS, U.S.D.J.

Dated:          JUL 2 0 2021

7

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated _____, 2021, in the action titled Patricia Scott Fleming, as administratrix of the estate of Patrick Fleming v. The City of New York, et al., 18 CV 4866 (GBD), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation