UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICIA SCOTT FLEMING, as
Administratix of the Estate of Patrick Fleming,

                                 Plaintiff,

                    -against-

THE CITY OF NEW YORK ET AL,

                                Defendants.
------------------------------------------------------------------X

**ORDER**

**18-CV-4866 (GBD) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court has reviewed the parties' filings as to Plaintiff's request to conduct 54 depositions, which vastly exceeds the ten depositions provided for in Federal Rule of Civil Procedure 30. At this point, Plaintiff's request is premature given that it has not been determined whether Plaintiff will be permitted to file a Third Amended Complaint. In addition, no depositions have taken place yet and thus it is unclear what additional information Plaintiff requires that the first ten depositions did not provide. However, the Court recognizes the relevance of many of the named Defendants in the Second Amended Complaint. Accordingly, Plaintiff may conduct a total of 17 depositions. If Plaintiff is permitted to file a Third Amended Complaint or if Plaintiff conducts 17 depositions and believes that additional depositions are warranted, Plaintiff may seek leave from the Court again to conduct such depositions.

      To facilitate this case, the Court provides the following guidance should Plaintiff seek additional depositions. This guidance should also be considered when determining which 17 depositions should take place. The Court will not grant

Plaintiff's request for additional depositions if: "[1] [they] would be unreasonably cumulative or duplicative, [2] [Plaintiff] had a prior opportunity in discovery to obtain the information sought, or [3] the burden or expense of additional depositions would outweigh any likely benefit." In re Weatherford Intern. Securities Litig., No. 11-CV-1646 (LAK) (JCF), 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (citing Fed. R. Civ. P. 26(b)(2)C)).  Plaintiff should be prepared to discuss the unique, non-cumulative information Plaintiff hopes to obtain from each requested deponent that she did not receive from the first 17 depositions or other forms of discovery, or that she cannot obtain from the other requested depositions.  In addition, Plaintiff should rank the additional depositions in order of priority.  See Galgano v. County of Putnam, No. 16-CV-3572 (KMK) (PED), 2021 WL 2138759, at *2 (S.D.N.Y. May 26, 2021) ("Moreover, as plaintiff points out, the ICDs have made no effort to rank or prioritize the depositions they seek to take. Even if the Court was persuaded that some relaxation of the ten-deposition limit was warranted, it would be inappropriate for the Court to undertake the necessary winnowing of the ICDs' witness list on their behalf.").

Additionally, without more argument, the Court believes information from medical professionals is duplicative of that which is contained in Patrick Fleming's medical records.  Opinions about the medical records are more properly obtained from expert, not fact witnesses.  Information from high-level officials without personal, unique knowledge regarding Plaintiff's claims are irrelevant unless and until *Monell* discovery is allowed.  Plaintiff's letter identified correctional officers and

investigators as relevant to many claims. The Court finds that witnesses with first-hand knowledge of the incidents at issue are more relevant to Plaintiff's claims than investigators without such knowledge. Lastly, the Court does not find depositions of Patrick Fleming's family members relevant to Plaintiff's claims.

**The Clerk of Court is respectfully directed to close docket entry 210.**

SO ORDERED.

DATED:   New York, New York
         August 8, 2022

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge