UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

PATRICIA SCOTT FLEMING,

                                          Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                                          Defendants.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY STIPULATION AND PROTECTIVE ORDER CONCERNING INSPECTION OF CERTAIN AREAS OF THE ANNA M. KROSS CENTER**

18 Civ. 4866 (GBD)(JW)

---------------------------------------------------------------- x

        **WHEREAS**, plaintiff has requested that defendant City of New York provide her counsel with access to the New York City Department of Correction's ("DOC") Anna M. Kross Center ("AMKC") clinic, intake area and holding pens ("DOC Facility") for the purposes of inspecting and photographing the premises, pertaining to the above-referenced case;

        **WHEREAS**, because of security concerns, the City of New York ("the City" or "defendant") deems the photographs and any information or document depicting the DOC Facility privileged and/or confidential; and

        **WHEREAS**, defendant City objects to granting plaintiff access to the DOC Facility for the purpose of inspecting and taking photographs, unless appropriate measures are undertaken for purposes of confidentiality and security, and plaintiff agrees to and abide by such measures, as specified in the terms and conditions set forth below; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **WHEREAS**, defendant City believes that the taking of photographs may implicate privacy and security concerns, which defendant City believes would be harmful to the privacy,

governmental and law enforcement interests of the City, its employees, and/or its contractors or sub-contractors; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys for plaintiff and defendants, as follows:

1. As used herein, "Confidential – Attorneys' Eyes Only Materials"[1] shall mean areas visited; the photographs, negatives or digital camera files, print images, sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever of images of the DOC Facility. These documents are deemed confidential because of security, law enforcement, governmental and/or privacy interests of the Department of Correction, its employees, contractors and subcontractors, and inmates, except that such documents and information shall not be deemed "Confidential Materials – Attorneys' Eyes Only Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than the defendants; or (b) are otherwise publicly available.

2. The Confidential – Attorneys' Eyes Only Materials are for "attorneys' eyes" only. Plaintiff's counsel shall maintain only one copy of the photographs for his use in this action, and shall not disclose the Confidential – Attorneys' Eyes Only Materials to any person not a member of the staff of his law office except under the following conditions:

   (a) Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case herein.

   (b) Disclosure before trial may be made to a witness at deposition, or

   (c) Disclosure may be made to the Court.

---

[1] By entering into this Stipulation, defendant City does not waive any other objections which may exist to the disclosure of information defined as "Confidential Materials" herein nor does defendant City waive any objections to their admissibility.

3. Plaintiff's attorney shall not use the Confidential – Attorneys' Eyes Only Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled case.

4. Only one attorney and one professional photographer may attend the visit to the DOC Facility on behalf of plaintiff. Their names shall be given to counsel for the City at least five business days before the date of the scheduled visit.

5. Deposition testimony concerning any Confidential – Attorneys' Eyes Only Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "ATTORNEYS' EYES ONLY." Such portion of the transcript shall be deemed to be Confidential – Attorneys' Eyes Only Materials within the meaning of this Stipulation and Protective Order.

6. If any submission attaches any Confidential – Attorneys' Eyes Only Materials or reveals the contents thereof is to be filed in this Court, the party shall deliver them to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

> This envelope contains documents or information designated confidential – attorneys' eyes only pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. In the event the Court finds the Confidential – Attorneys' Eyes Only Materials admissible at a trial of this action, the Confidential – Attorneys' Eyes Only materials may be disclosed to any witnesses who may be called to testify about them, provided that such witnesses acknowledge, either in writing or on the record, their understanding of the Protective Order and the fact that they are bound by its terms.

8. Within thirty (30) days after the termination of this case, including any appeals, the "Confidential – Attorneys' Eyes Only Materials," the originals, including negatives and any digitally maintained files of any photographs, negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or, upon defendant's attorneys' consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorney, which affidavit to include the manner and timing of its destruction, and that no copies were made and not destroyed.

9. Due to security, law enforcement, governmental and/or privacy interests of DOC, plaintiff's attorney agrees to not, under any circumstances, to inspect, photograph or draw

4

in any fashion, the following items during the above mentioned site visit: any person or any type of key, lock, locking mechanism, keyholes, door knobs and/or other similar equipment used to secure the doors, gates and windows. Plaintiff's attorney recognizes the legitimate security concerns of defendant and agrees not to take any close up photographs of these items, provided, however, that plaintiff shall not be prohibited from taking photographs that incidentally include any prohibited items (such as a photograph of a door that incidentally includes an image of a keyhole), provided further that any prohibited items will be kept "Confidential-Attorney's Eyes Only" in accordance with terms of this Stipulation and Protective Order and plaintiff will file any such materials under seal as also set forth herein.

10. Plaintiff's attorney shall not speak to any inmate for any reason or to interview or question any DOC staff for any reason.

11. If, at any time, it appears to the City's counsel and/or DOC staff present during the site visit that plaintiff's attorney or photographer, whether inadvertently or not, is inspecting or taking photographs or drawings of any prohibited item, area or individual described above, plaintiff's attorney will be immediately directed and expected to cease inspecting, photographing or drawing and the site inspection, and if the disputed cannot reasonably be resolved, plaintiff's inspection of that area or device shall be terminated.

12. Plaintiff's attorney shall immediately turn over to all defense counsel color duplicates and digital files of all photographs, of equivalent quality to those maintained by plaintiff's counsel, taken during the above-mentioned site visit, regardless of their quality, and shall designate in good faith such documents as "Confidential – Attorneys' Eyes Only Materials" by labeling such documents "ATTORNEYS' EYES ONLY" and by designating and labeling such documents by Bates numbers (except digital files which cannot as a practical matter be bates

stamped) in a writing directed to defendants' counsel. The City reserves the right after inspection of these documents to determine whether a prohibited item, area or individual as described above, has been photographed by plaintiff and demand the return of such material. Defendants will inform plaintiff's attorneys of such determinations within a reasonable time frame after receipt of the photographs. Plaintiff will, within 3 business days after receipt of defendants' objections, respond in writing to defendants' determination concerning the photograph of the prohibited item, area or persons. If the parties cannot resolve such matters after a good-faith effort, then plaintiff may seek relief from the Court. While the resolution of such matters is pending, the disputed materials will be kept as "attorneys' eyes only" and will not be used in any manner until the dispute is resolved in writing, or by Court Order.

13. The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

14. Nothing in this Stipulation and Protective Order shall be construed to limit the City's use of the Confidential – Attorneys' Eyes Only Materials in any manner.

Dated: New York, New York
July 31, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Desmond Blake, Fred Rolle, Jorel Ward, Curlee Williams, and John Wisti*
100 Church Street
New York, New York 10007
(212 356-3519

By: /s/ Mark D. Zuckerman
Mark D. Zuckerman
*Senior Counsel*

QUAINTON LAW, PLLC
*Attorney for Plaintiff*
2 Park Avenue, 20th Floor
New York, New York 10016
(212) 419-0575

By: /s/ Eden P. Quainton
Eden P. Quainton

**MARTIN CLEARWATER & BELL LLP**
*Attorneys for Defendants New York City Health and Hospitals Corporation, Nicole Lanatra, M.D., Mary Lynn Nierodzik, M.D., Roopalekha Shenoy, M.D., Aaron Stern, M.D., and Jennifer Wu, M.D.*
220 East 42nd Street
New York, New York 10017
(212) 916-0950/0943

By: /s/ Brandon Fernandes
Scott M. Zimmerman
Brandon Fernandes

HEIDEL, PITTONI MURPHY & BACH, LLP
*Attorneys for Defendants Physician Affiliate Group of New York, Corizon Health, Inc., Maung Maungoo, M.D., Myat Win, M.D., and Antonio Martinez, M.D.*
81 Main Street
White Plains, New York 10601
(914) 559-3100

By: /s/ Joseph Shmulewitz
Joseph Shmulewitz

SO ORDERED:

/s/ Jennifer E. Willis
Honorable Jennifer E. Willis
United States Magistrate Judge
Dated: August 15, 2025

7