**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
SCOTT FLEMING *et al.*,

Plaintiffs,

-against-

THE CITY OF NEW YORK *et al.*,

Defendants.
---------------------------------------------------------------X

**ORDER**

**18-CV-4866 (GBD) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On August 20, 2026, the Court issued an order setting deadlines for the remainder of discovery. Dkt. No. 353 ("Aug 20 Order"). Included was a directive that Parties should present outstanding discovery requests by October 15, 2026. Id.

The Court has reviewed the Parties' various filings and updates related to discovery and the Aug 20 Order. Dkt Nos. 355-60. The Court orders the following:

*Extension of Discovery Deadlines*

The request for a 30-day extension of the deadlines in the Aug 20 Order is **GRANTED**. Dkt. Nos. 355, 356. The request to extend the deadline for presenting outstanding discovery disputes to the Court is also **GRANTED**. Dkt. No. 357**.** The new deadlines will be as follows:

| Discovery Deadline | New Date |
|---|---|
| Parties to raise outstanding discovery disputes with the Court | Nov. 9, 2026[1] |
| External Medical Defendants' and Rikers Medical Defendants' responses to Plaintiff's August 31, 2026 requests and the corresponding Rikers Demand[2] | Nov. 16, 2026 |

[1] Parties only requested an extension to October 29, 2026. Dkt. No. 357. However, the Court believes more time may be needed to confer on the Rikers fact discovery requests, described further below.
[2] See below for further discussion of the Rikers Demand.

| | |
|---|---|
| Plaintiff's answers to the External Medical Defendants' interrogatories | Nov. 16, 2026 |
| Plaintiff's expert reports | Nov. 16, 2026 |
| Rebuttal expert reports | Feb. 16, 2027 |
| Completion of expert depositions | Mar. 30, 2027 |
| Summary judgment motions, including individual and Monell claims | Apr. 30, 2027 |
| Oppositions | June 1, 2027 |
| Replies | June 14, 2027 |

*Remaining Fact Discovery and The Rikers Demand*

The Court has reviewed Plaintiff's request to pursue fact discovery requests as relevant to the Rikers Medical Defendants (the "Rikers Demand") and the Rikers Medical Defendants' opposition. Dkt. No. 358, 360. Plaintiff's request to serve the Rikers Demand out of time is **GRANTED**. The requests are deemed served as of October 14, 2026. The Rikers Medical Defendants shall serve responses and objections by November 16, 2026.

The Rikers Medical Defendants oppose the Rikers Demand for several reasons. The Court addresses these in turn. As explained below, the Court believes Parties need to revisit the scope of the requests but ultimately finds the objections do not warrant foreclosing the discovery altogether.

*First*, the Rikers Medical Defendants argue that the Rikers Demand is untimely, and Plaintiff's counsel has already missed other deadlines and Court obligations. Dkt. No. 360 at 1-2. The Court agrees. Plaintiff's counsel should have been more attentive in timely serving the Rikers Demand, particularly given how long discovery has dragged in this case and the various extensions the Court already granted. However, the untimely nature of the Rikers Demand is excusable neglect. The delay, though several weeks long, pales in comparison to the eight years that the

case has been in discovery. Furthermore, Plaintiff's counsel did not simply miss a deadline. He believed he ***had*** met the deadline, later realized he had not, and then took prompt steps to remedy his error. Dkt. Nos. 358, 359.

*Second,* the Rikers Medical Defendants state that the discovery requests contained in the Rikers Demand are overbroad, disproportionate, and beyond the scope of the Court's Aug 20 Order. Dkt. No. 360 at 2.[3] They argue that the requests will require "burdensome searches for historical records." Id. at 3. This argument is not yet ripe for the Court's consideration. It appears to the Court that some of the relevant topics from the Aug 20 Order can be narrowed and operationalized using a targeted retrieval of documents or by searching central repositories for key dates and events. But the Court will not micromanage the narrowing or execution of the Rikers Demand. That is for the Parties to hash out. As set forth below, the proper course of action is for Parties to negotiate in good faith over a limited scope of the requests.

*Third*, the Rikers Medical Defendants argue that additional discovery should have been raised earlier and will prejudice Defendants. Dkt. No. 360 at 2-3. The Court will not query whether Plaintiff could have raised some fact discovery topics earlier. The Aug 20 Order is clear. Certain topics surfaced by the 2026 depositions, and ***only*** those topics, are fair game. Aug 20 Order at 1. The Court shares Defendant's frustration with Plaintiff's counsel for failing to move this case forward. But the Court does not believe Plaintiff's case should suffer on the merits as a result.

Moreover, the Court is not convinced that the prejudice from the slight delay outweighs the importance of this discovery. Nor does the Court believe litigation will

[3] Although Plaintiff's present their request-specific objections as a "breadth and proportionality argument", they repeatedly raise the timeliness issue when discussing each request. Dkt. No. 360 at 3-4. To avoid muddling the timeliness and burden arguments as to the scope of the discovery requests, the Court addresses these topics separately in this Order.

be significantly delayed as a result. Dkt. No. 360 at 3. The topics authorized by the Court in the Aug 20 Order are relevant and limited in scope. Allowing Plaintiff to pursue these topics is not allowing "new discovery" that would "prolong this litigation" as Defendants contend. Id. The Court has already authorized this discovery, and Plaintiff has served it. Rikers Medical Defendants may respond to the Rikers Demand by November 16, 2026, to coincide with the new written discovery deadlines. Parties will still be able to shift to expert discovery as contemplated in the joint extension request. Dkt. No. 356 at 2.

Thus, the relevant Parties shall promptly confer on the Rikers Demand. The Court offers the following guidance to shape the Parties' discussion: the Court will not look kindly on an attempt by Plaintiff to get a second bite at the apple on discovery that the Court did *not* expressly allow in its Aug 20 Order. Plaintiff's counsel has forfeited his chance to pursue many areas of discovery that were known earlier – sometimes, years earlier. Dkt. No. 360 at 2-3. However, it is not appropriate for the Rikers Medical Defendants to outright refuse to produce ***any*** documents because they believe the requests are untimely, overbroad, burdensome, and / or prejudicial. Id.

Parties will negotiate in good faith and attempt to reach an agreement on the scope and breadth of the Rikers Demand. Parties should include an update on the conferral to the Court in the **November 9** filing on discovery disputes. The update shall indicate whether agreement has been reached on the Rikers Demand. If not, Parties shall articulate their positions and the remaining disputes with specificity.

***If*** there are any unresolved discovery disputes remaining, the Court will address them at an in-person discovery conference on **November 16, 2026 at 2 PM ET**. This conference will take place in Courtroom 228 at the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY, 10007.

Parties are warned that the Court's patience is wearing thin. Deadlines are not to be taken lightly. Extension requests must be made in advance and give ample time for input from other sides. The Court will not revisit disputes it has already ruled on. Given the age of this case, the Court will not be inclined to excuse further mistakes or grant additional extensions without a clear demonstration of extraordinary circumstances.

**The Clerk of Court is respectfully directed to close Dkt. Nos. 355, 356, 357, and 358 and reflect the November 16 conference on the docket.**

SO ORDERED.

DATED: New York, New York
October 27, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge